UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. SMITH,<br><br>        Petitioner,<br><br>    v.<br><br>JEFF MACOMBER, Secretary,<br><br>        Respondent. | No. 1:25-cv-00325-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION, MOTION FOR SANCTIONS, AND MOTION FOR SUMMARY JUDGMENT**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He filed a petition in this Court on March 17, 2025. (Doc. 1.) The Court reviewed the petition and found it illegible. The Court dismissed the petition with leave to file an amended petition. (Doc. 5.) On April 21, 2025, Petitioner filed a First Amended Petition as well as a motion for sanctions and motion for summary judgment. Upon review of the amended petition, the Court finds it lacks habeas jurisdiction to consider the claims. Therefore, the Court will recommend the amended petition and accompanying motions be DISMISSED.

**DISCUSSION**

A.    <u>Preliminary Review of Petition</u>

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Failure to State a Cognizable Habeas Claim

Although not entirely clear, it appears the core of Petitioner's complaints concern two disciplinary proceedings in which he was found guilty of battery on a peace officer. As to both incidents, Petitioner fails to state a claim.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not contend that he did not receive any of the afore-mentioned procedural due process protections. He does, however, contest the guilty findings rendered in those incidents. Petitioner does not argue that there was insufficient evidence of his guilt but contends the incident

reports were a result of retaliation by prison staff. Petitioner's own recitation of the facts demonstrate there was more than sufficient evidence of guilt as Petitioner admits the acts giving rise to the incident reports. In the first incident, Petitioner readily admits that a correctional officer approached him whereupon he struck him in the face causing the officer to fall to the ground. Once the officer was on the ground, Petitioner proceeded to kick the left side of the officer's face. Officers responded by issuing multiple commands for Petitioner to assume a prone position. After Petitioner was struck by a non-lethal round and a concussion grenade, he complied. Petitioner states that he took these actions because the officer had previously groped him during a pat down search. Regardless of the alleged earlier provocation, Petitioner's admission provides ample evidence to support the finding that he committed battery on a peace officer.

In the second incident, Petitioner claims that an officer purposely handled his food in an unsanitary manner. As the officer passed the tray through the food port, Petitioner states he responded by kicking the food tray. The officer claimed he sustained injuries as a result. Petitioner disputes that the officer sustained any injuries, but there is at least some evidence to support the guilty finding. First, Petitioner admitted the act of kicking the food tray as the officer handed it through. Second, the officer's testimony that he sustained injuries constitutes more than "some evidence" that he sustained injuries.

For the foregoing reasons, Petitioner's claimed violations of his constitutional rights with respect to these two incidents are facially without merit.

C.     Civil Rights Claims

Petitioner also claims his due process rights to equal protection were violated. He provides an extensive narrative of the past 15 years of his interactions with prison staff as well as the many grievances and efforts to litigate his complaints. (Doc. 6 at 8.) As the basis for his equal protection claim, he alleges the numerous disciplinary infractions, violations, and physical violence he sustained were acts taken by prison staff in retaliation for his extensive history of grievances and litigation. (Doc. 6 at 8.) He further alleges he was transferred to an institution less equipped to meet the needs of its inmates as retaliation for his litigation. For example, he states he is not provided a tablet with which to conduct legal research at his current institution, but one was

3

1  provided at his previous institution. (Doc. 6 at 12.) He also states prison staff wrongfully seized or
2  destroyed some of his personal property including legal research during transfer. (Doc. 6 at 12-
3  13.) Finally, he claims his dietary needs are not being met. (Doc. 6 at 13.)

Petitioner's claims are not cognizable in a federal habeas action. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Here, Petitioner's claims of retaliation concern the conditions of his confinement, not the legality or duration of his confinement.[1]  Therefore, he must seek relief for his complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id.  The Court does not find recharacterization to be appropriate. Petitioner does not name the proper defendants, and the claims are not amenable to conversion on their face.  Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be

---

[1] Petitioner's claims concerning the two disciplinary actions do implicate the duration of his confinement; however, as discussed, Petitioner fails to state a viable claim concerning those incidents.

DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form. The Court further RECOMMENDS that Petitioner's motion for sanctions and motion for summary judgment be DENIED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 9, 2025**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE