**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE C. SMITH,<br><br>            Petitioner,<br><br>    v.<br><br>JEFF MACOMBER, Secretary,<br><br>            Respondent. | No. 1:25-cv-00325 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 11)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Lawrence C. Smith is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 12, 2025, the assigned magistrate judge issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 11.) The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 11.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) On June 23, 2025, Petitioner filed objections. (Doc. 15.)

After the Findings and Recommendations issued, on May 20, 2025, Petitioner filed a

1

document entitled "Petitioner's Ameliorated Motion for Summary Judgment." (Doc. 12.) The document is comprised of 81 pages wherein Petitioner again provides an extensive history of his litigation efforts and alleged reprisals by prison staff for those efforts. As with the amended petition, the motion alleges several civil rights claims including retaliation, conspiracy, denial of court access, false allegations, destruction of personal property, denial of medical care, discrimination, inadequate nutrition, and deliberate indifference. As discussed by the magistrate judge, such claims concern the conditions of confinement and may not be heard in a habeas action. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). For the same reason, Petitioner's reliance on *Hines v. Gomez*, 108 F.3d 265 (9th Cir. 1997), in his objections (*see* Doc. 15 at 2) is misplaced because that case reviewed a retaliation claim brought in the context of a civil rights action, not a habeas petition.

Petitioner also raises claims concerning eight disciplinary proceedings which transpired between 2013-2015. (Doc. 12 at 34-35.) His challenges are untimely as the statute of limitations on these proceedings has long since expired. When a petition contests an adverse administrative decision of a prison disciplinary proceeding rather than a state court judgment, 28 U.S.C. § 2244's one-year limitation period still applies and the date the statute of limitations begins to run is determined under subparagraph (D) of § 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in prison disciplinary cases that usually will be the date the administrative decision becomes final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063–66 (9th Cir.2004); *see also Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003).

Petitioner also takes issue with his underlying conviction, about which habeas relief has previously been denied by the U.S. District Court for the Southern District of California. *See Smith v. Biter*, Case No. 3:11-cv-01003-JLS-PCL (S.D. Cal. March 12, 2012).

Finally, Petitioner seeks to challenge terminating sanctions imposed on him in *Smith v. Allison*, Case No. 1:10-cv-01814-DAD-JLT (E.D. Cal. Jan. 20, 2017). In that case, Petitioner was found to have sexually harassed both defense counsel and the undersigned. The Court will not revisit the subject. Judgment was entered on January 20, 2017, and the Ninth Circuit dismissed

the appeal on June 14, 2017.

According to 28 U.S.C. § 636(b)(1)(C), this Court has performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 12, 2025, (Doc. 11), are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. Petitioner's motions (Docs. 7, 8, 9, 12) are **DENIED**.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **June 25, 2025**

UNITED STATES DISTRICT JUDGE

4