1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11    LAWRENCE C. SMITH,                    No.  1:25-cv-00325 JLT SKO (HC)

12                    Petitioner,           ORDER DENYING MOTION FOR
                                            RECONSIDERATION
13          v.
                                            (Doc. 18)
14    JEFF MACOMBER, Secretary,

15                    Respondent.

16

17          On June 25, 2025, the Court issued an order dismissing the petition for writ of habeas

18    corpus and entering judgment. (Doc. 16, hereinafter "Order".) On July 10, 2025, Petitioner filed a

19    motion for reconsideration. (Doc. 18.)

20          Petitioner fails to identify a basis for reconsideration of the Order. Federal Rule of Civil

21    Procedure 60(b) provides for relief from an order for the following reasons:

22          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
            evidence that, with reasonable diligence, could not have been discovered in time to
23          move for a new trial under 59(b); (3) fraud, . . . misrepresentation, or misconduct
            by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
24          released, or discharged; it is based on an earlier judgment that has been reversed or
            otherwise vacated; or applying it prospectively is no longer equitable; or (6) any
25          other reason that justifies relief.

26    Fed. R. Civ. P. 60(b).

27          While the Court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii*,

28    42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored and "should not be

1    granted, absent highly unusual circumstances, unless the district court is presented with newly

2    discovered evidence, committed clear error, or . . . [there is] an intervening change in the

3    controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*per curiam*)

4    (internal quotation and citation omitted). "A party seeking reconsideration must show more than a

5    disagreement with the Court's decision, and recapitulation of the cases and arguments considered

6    by the court before rendering its original decision fails to carry the moving party's burden." *U.S.*

7    *v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). This Court's local rules

8    further provide that any party seeking reconsideration of an order must state "what new or

9    different facts or circumstances are claimed to exist which did not exist or were not shown upon

10   such prior motion, or what other grounds exist for the motion; and why the facts or circumstances

11   were not shown at the time of the prior motion." L.R. 230(j)(3)–(4).

12       Petitioner does not point to any legal basis for reconsideration, and he fails to comply with

13   Local Rule 230(j) because he does not set forth any new facts or circumstances not previously

14   presented. He merely expresses disagreement with the Order and reargues points that were

15   already raised and considered. He again seeks review of prior decisions in *Smith v. Allison*, Case

16   No. 1:10-cv-01814 DAD JLT (E.D. Cal. Jan. 20, 2017). and *Smith v. Clark*, Case No. 1:21-cv-

17   01346 JLT EPG (E.D. Cal. Dec. 13, 2022). (Doc. 18 at 2-3.) As noted by the Court in the Order,

18   these decisions are not open for reconsideration.

19       He also seeks review of multiple disciplinary proceedings which transpired between 2013-

20   2015. (Doc. 18 at 2-3.) As previously noted, his challenges are untimely as the statute of

21   limitations has long since expired.

22       He also alleges civil rights claims such as denial of adequate nutrition, denial of access to

23   services and programs, and denial of medical care. (Doc. 18 at 3.) As previously stated, such

24   claims concern the conditions of confinement and may not be heard in a habeas action. *McCarthy*

25   *v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).

26       Finally, Petitioner claims that the Court somehow mishandled his amended motion for

27   summary judgment, (Doc. 12). (Doc. 18 at 4.) As discussed in the Order, the document and

28   arguments therein were considered and rejected, and this was generous considering motions for

1    summary judgment are improper in a federal habeas action.  "Federal Rule of Civil Procedure 56,

2    which requires a court to draw all factual inferences in the nonmovant's favor ... is apparently

3    inconsistent and incompatible with 28 U.S.C. § 2254(e)(1), which states that 'a determination of

4    factual issue made by a State court shall be presumed to be correct.'" *Atkins v. Montgomery*, No.

5    2:18-cv-06877-DOC-MAA, 2019 WL 10068937 at *2, 2019 U.S. Dist. LEXIS 233137 at *2

6    (C.D. Cal. June 25, 2019). "A court cannot simultaneously assess all facts in the record in the

7    light most favorable to the nonmovant and accept as true the state court's factual findings based

8    on that same record." *Id.* Thus, "[m]otions for summary judgment are inappropriate in federal

9    habeas proceedings." *Mendoza v. Pollard*, No. 20-cv-0847-GPC (RBB), 2021 WL 2588155, at

10   *8, 2021 U.S. Dist. LEXIS 118295, at *23 (S.D. Cal. June 24, 2021) (quoting *Atkins*, 2019 WL

11   10068937 at *1, 2019 U.S. Dist. LEXIS 233137, at *1) (denying summary judgment motion in

12   habeas corpus proceeding, in part, because it is not an "appropriate vehicle"); *see also Bryson v.*

13   *Madden*, 2025 WL 662026, at *1 (S.D. Cal. Feb. 28, 2025) (same); *Johnson v. Siebel*, 2015 WL

14   9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015) (same); *Mulder v. Baker*, 2014 WL 4417748, at *1–

15   *2 (D. Nev. Sept. 8, 2014) (same); *Ordway v. Miller*, 2013 WL 1151985, at *1 (E.D.Cal. Mar. 19,

16   2013) (same).

17          In summary, Petitioner presents no valid reason for reconsideration of the Order. The

18   motion expresses only disagreement with the Court's decision and recapitulation of the cases and

19   arguments already considered.

20                                            **ORDER**

21          Accordingly, Petitioner's motion for reconsideration, (Doc. 18), is **DENIED**.

22

23   IT IS SO ORDERED.

24      Dated:   __**July 31, 2025**__                                    _____
                                                             UNITED STATES DISTRICT JUDGE
25

26

27

28

                                                3