**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE C. SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER, Secretary,<br><br>    Respondent. | No. 1:25-cv-00325 JLT SKO<br><br>ORDER DENYING MOTION FOR REMOVAL OF CRIMINAL ACTION TO FEDERAL COURT AND SUMMARILY REMANDING TO STATE COURT<br><br>(Doc. 19) |

Petitioner, proceeding pro se, filed a habeas petition on March 17, 2025. On June 25, 2025, the Court dismissed the petition and entered judgment. (Docs. 16, 17.) On July 10, 2025, Petitioner filed the instant motion for removal of a state court prosecution in Kern County Superior Court to the U.S. District Court for the Eastern District of California pursuant to 28 U.S.C. § 1455. Because the motion is procedurally improper and it clearly appears that removal should not be permitted, *see* 28 U.S.C. § 1455(b)(4),[1] the Court **DENIES** the motion and summarily **REMANDS** the matter to state court.

**DISCUSSION**

Petitioner alleges that on May 30, 2025, he was arraigned in Kern County Superior Court

---

[1] When a notice of removal is filed, a district court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

1

on a charge of assault with a deadly weapon and/or force likely to produce great bodily injury upon a correctional officer. (Doc. 19 at 149.) He states he attended a preliminary hearing on June 25, 2025. At the end of said hearing, Petitioner stated he would be requesting the matter be removed to Federal court.

First, the Court notes that judgment was entered on June 25, 2025. Therefore, the instant motion for removal to this case is procedurally improper as the case is closed. In any event, removal is inappropriate.

Section 1455(a) authorizes a defendant in a criminal prosecution in a state court to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.,* 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Section 1455(b) imposes two requirements on defendants removing criminal prosecutions:

> (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

1  28 U.S.C. § 1455(b)(1)-(2).

2  Petitioner states he was arraigned on May 30, 2025, and his motion was filed on July 10, 2025. Therefore, removal is untimely under § 1455(b)(1). Moreover, Petitioner has not articulated legitimate grounds for removal, as required by § 1455(b)(2).

At his preliminary hearing on June 25, 2025, Petitioner apparently disagreed with the judge over the handling of his various discovery motions, motions for sanctions, and reasonable accommodation requests, "the summation of which seeing me tell him he's full of shit declaring that I would seek to have the action removed to the jurisdiction of the Federal courts and walking out of the courtroom (mic drop)." (Doc. 19 at 15.) Though Petitioner sought to litigate certain motions, the state court demanded to know the meaning behind Petitioner's declaration "Kitty Cat Lioness Cougar Supreme Judge" in one of his motions. (Doc. 19 at 15.)[2] Petitioner was unhappy that his motions were set aside to address this statement.

State court criminal prosecutions may only be removed to federal courts in limited circumstances. None of the circumstances include being unhappy with the state court process or the judge. "Three provisions, none of which Petitioner cites, authorize the removal of such actions: 28 U.S.C. § 1442 ("Federal Officers or Agencies Sued or Prosecuted"), § 1442a ("Members of Armed Forces Sued or Prosecuted"), and § 1443 ("Civil Rights Cases"). Sections 1442 and 1442a are inapplicable because Petitioner does not allege that he is a federal officer or a member of the armed forces who is being prosecuted for an act done under color of the office. Nor does Petitioner cite § 1443 or claim that his prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

[2] This Court is familiar with such harassing statements made by Petitioner in previous cases. *See Smith v. Allison*, Case No. 1:10-cv-01814-DAD-JLT (E.D. Cal. Jan. 20, 2017) (Petitioner sanctioned with terminating sanctions after being found to have sexually harassed both defense counsel and the undersigned).

28 U.S.C. § 1443.

Accordingly, Petitioner has failed to comply with § 1455 or establish a basis for removal, and summary remand is appropriate. *See* 28 U.S.C. § 1455(b)(4).

**ORDER**

For the foregoing reasons,

1) Petitioner's motion for removal is **DENIED**; and

2) The case is **SUMMARILY REMANDED** to the Kern County Superior Court.

IT IS SO ORDERED.

Dated: __**July 31, 2025**__  

UNITED STATES DISTRICT JUDGE

4