**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE C. SMITH, | No.  1:25-cv-00325 JLT SKO (HC) |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION, MOTION TO AMEND, AND MOTION FOR SANCTIONS |
| v. | |
| JEFF MACOMBER, Secretary, | [Docs. 23, 24, 25] |
| Respondent. | |

On June 25, 2025, the Court issued an order dismissing the petition for writ of habeas corpus and entering judgment. (Doc. 16, hereinafter "Order".) On July 10, 2025, Petitioner filed a motion for reconsideration. (Doc. 18.)  On July 31, 2025, the Court denied the motion for reconsideration. (Doc. 21.)

On April 17, 2026, Petitioner filed another motion for reconsideration, (Doc. 23), as well as a motion to amend the petition, (Doc. 24), and a motion for sanctions against Respondent, (Doc. 25.)

I.      MOTION FOR RECONSIDERATION

As before, Petitioner fails to identify a basis for reconsideration of the Order. Federal Rule of Civil Procedure 60(b) provides for relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud, . . . misrepresentation, or

1

> misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Though the Court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . [there is] an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). This Court's local rules further provide that any party seeking reconsideration of an order must state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)–(4).

Petitioner does not point to any legal basis for reconsideration, and he fails to comply with Local Rule 230(j) because he does not set forth any new facts or circumstances not previously presented. He merely expresses disagreement with the Order and reargues points that were already raised and considered.

He again seeks removal of the state criminal case to federal court. At present, Petitioner is in criminal proceedings in Kern County Superior Court on a charge of felony assault with a deadly weapon by a life prisoner in violation of Cal. Penal Code § 4500 with prior convictions and enhancement for great bodily injury. *See People v. Smith*, Case No. DF019037A (Kern County Superior Court, complaint filed March 14, 2025). Removal of the state case was addressed and rejected in the Court's order of July 31, 2025. (Doc. 22.)

Petitioner previously sought removal under 28 U.S.C. § 1455(b)(4), but now seeks

2

removal pursuant to 28 U.S.C. § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>>
>> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C.A. § 1443. (Doc. 23 at 3.)

Again, the Court finds removal should not be permitted.  To invoke federal district court jurisdiction under § 1443, there must be: (1) "either a civil action or criminal prosecution in state court"; and (2) "it must be shown that state court action will involve denial or nonenforcement of rights arising under any law providing for equal civil rights of citizens of United States or an act or refusal to perform any act under color of authority derived from any law providing for equal rights." *Nuccio v. Heyd*, 299 F. Supp. 939, 940 (E.D. La. May 19, 1969.) Here, Petitioner complains that he is being subjected to discriminatory prosecution. He again raises allegations of conspiracy, biased prosecution, and challenges to his underlying convictions, all of which were previously raised and rejected by the Court.

Petitioner's allegations do not satisfy the requirements under § 1443. First, Petitioner fails to show that the right he relies upon is a "right under any law providing for . . . equal civil rights." Second, he fails to show that he is being denied, or cannot enforce, that right in the courts of California. Petitioner points to the Americans with Disability Act ("ADA") as the basis for his claim. He complains that he has been discriminated against based on his disability by Respondents' mail-tampering, theft of his funds, and lack of medical attention to his needs. (Doc. 23 at 7-8.) He fails to show how proceedings in the California Courts will constitute a denial of civil rights conferred by federal law.  *See, e.g., Georgia v. Rachel*, 384 U.S. 780, 804 (1966). California's disability-related laws are generally stronger and more expansive than the ADA. In addition, Petitioner has many avenues to vindicate his complaints, such as a civil rights action under 42 U.S.C. § 1983. The Court finds removal pursuant to § 1443 completely unwarranted.

In addition, Petitioner again seeks review of prior decisions in *Smith v. Allison*, Case No. 1:10-cv-01814 DAD JLT (E.D. Cal. Jan. 20, 2017) and *Smith v. Clark*, Case No. 1:21-cv-01346 JLT EPG (E.D. Cal. Dec. 13, 2022). (Doc. 23 at 9-13.) As the Court previously explained, these decisions are not open for reconsideration.

Petitioner again also advances civil rights claims such as denial of adequate nutrition, denial of access to services and programs, tampering with his trust account funds, mail tampering, and denial of medical care. (Doc. 23 at 7-8.) As previously stated, such claims concern the conditions of confinement and may not be heard in a habeas action. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).

## II.   MOTION TO AMEND

Petitioner also filed a motion to amend the petition. (Doc. 24.) The motion must be denied. The petition was dismissed on June 25, 2025, and the case was closed. The case is not open for amendment.

In addition, he seeks to amend the petition to allege entitlement to punitive damages against a medical center. As noted above, claims concerning medical care may not be heard in a habeas action. *McCarthy*, 500 U.S. at 141-42; *Preiser*, 411 U.S. at 485.

## III.   MOTION FOR SANCTIONS

Finally, Petitioner has filed a motion for sanctions against Respondents for alleged false criminal charges. (Doc. 25.) Displeased with his criminal proceedings, Petitioner seeks sanctions against the Governor of California, Attorney General, all attorneys working for the District Attorney's Office for multiple counties, the sheriffs employed in several counties, numerous courts, boards of supervisors, state medical officers, etc. (Doc. 25 at 1, 42-45.)

In support, Petitioner rehashes the same complaints concerning his numerous state proceedings previously raised and rejected by the Court in prior orders. (Doc. 25 at 3-45.) He also complains that he was forced to undergo psychological evaluations concerning his competency. (Doc. 25 at 3-4.) Yet, as previously discussed by the Court in prior orders, all levels of the California courts remain available to raise complaints concerning the ongoing trial.

In summary, Petitioner presents no valid reason for reconsideration of the Order. The

4

motion expresses only disagreement with the Court's decision and recapitulation of the cases and arguments already considered.

**ORDER**

Accordingly, Petitioner's motion for reconsideration, (Doc. 23), motion to amend, (Doc. 24), and motion for sanctions, (Doc. 25), are DENIED. No further filings will be entertained in this case.

IT IS SO ORDERED.

Dated:    **April 24, 2026**

_____
UNITED STATES DISTRICT JUDGE

5